The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| ANHTHU VAN, a Washington resident; et al.<br><br>Plaintiffs,<br>vs.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer;<br><br>Defendants. | Cause No. 2:17-cv-00366-RSL<br><br>JOINT STIPULATION TO CORRECT CASE CAPTION |

**STIPULATION**

All the parties to the above action, by and through their counsel of record, hereby stipulate and jointly request the Court amend the case caption solely to correct the current business name of Defendant. Prior to this action being filed, American Safety Indemnity Company merged with and into TIG Insurance Company. The Defendant's name in the caption should read "TIG Insurance Company, as successor by merger to American Safety Indemnity Company" to reflect the correct current business name. A corrected complaint is attached hereto as Exhibit A with the correct name in the caption, the correct entity listed in paragraph 25, and all references to "ASIC" changed to "TIG". No other changes have been made.

JOINT STIPULATION TO CORRECT CASE CAPTION - 1
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

Dated this 24th day of July, 2017.

| CASEY & SKOGLUND PLLC | LANE POWELL PC |
|---|---|
| By /s/ Todd Skoglund<br>Todd K. Skoglund, WSBA #30403<br>130 Nickerson Street, Suite 210<br>Seattle, WA 98109<br>Telephone: 206-284-8165<br>Email: todd@casey-skoglund.com<br>*Attorneys for Plaintiffs Anhthu Van et al.* | By /s/ David Schoeggl<br>David Schoeggl, WSBA #13638<br>Kara Tredway, WSBA #44984<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111<br>Telephone: 206-223-7000<br>Email: schoeggld@lanepowell.com<br>tredwayk@lanepowell.com<br>*Attorney for Defendant TIG Insurance Company as successor by merger to American Safety Indemnity Company* |

JOINT STIPULATION TO CORRECT CASE CAPTION - 2
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

**ORDER**

Based on the foregoing stipulation, it is hereby ORDERED that the Defendant's name be corrected to TIG INSURANCE COMPANY, AS SUCCESSOR BY MERGER TO AMERICAN SAFETY INDEMNITY COMPANY and PLAINTIFFS' CORRECTED COMPLAINT, attached hereto as Exhibit A, is allowed to be filed.

DONE IN OPEN COURT this 28th day of July, 2017.

*/s/ M.M.S. Lasnik*
The Honorable Robert S. Lasnik

JOINT STIPULATION TO CORRECT CASE CAPTION - 3
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

# Exhibit A

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| ANHTHU VAN, a Washington resident; VIET NGUYEN, a Washington resident; DAVID ATHERTON, a Washington resident; DONNIE NEWELL, a Washington resident; GLENDA WERNER, a Washington resident; JOHN BAILEY, a Washington resident; WANJIRU BAILEY, a Washington resident; CHAD VAN CLEAVE, a Washington resident; KELLY PANZARINO, a Washington resident; LORI NEMITZ, a Washington resident; CHANBANDITH PROM, a Washington resident; CHRISTOPHER SMITH, a Washington resident; STEVEN BERUBE, a Washington resident; LISA BERUBE, a Washington resident; JENNY KUMA, a Washington resident; SEM CHAP, a Washington resident; SYED RIZVI, a Washington resident; ROXANNE PARIS, a Washington resident; GUADALUPE GUTIERREZ, a Washington resident; KULJIT SINGH, a Washington resident; PAVNEET CHERRY, a Washington resident; JACOB HANSON, a Washington resident; EMILY HANSON, a Washington resident; JOSHUA ALBERTSON, a Washington resident; CORREY ALBERTSON, a Washington resident; ELIZABETH FAJEMISIN, a Washington resident; SANMI FAJEMISIN, a Washington resident; SAKHOEUN CHHOTH, a Washington resident; JOSHUA REED, a | Cause No. 2:17-cv-00366-RSL<br><br>PLAINTIFFS' CORRECTED COMPLAINT |

PLAINTIFFS' CORRECTED COMPLAINT- 1
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

Washington resident; ALDWIN PEREDO, a Washington resident; CHRISTINE PEREDO, a Washington resident; and SHWANDA GREENIDGE, a Washington resident;

Plaintiffs,

vs.

TIG INSURANCE COMPANY, as successor by merger to AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer;

Defendants.

COMES NOW Plaintiffs Anhthu Van et al., by and through their counsel of record, Casey & Skoglund, PLLC and asserts as follows:

## I. PARTIES

1. Plaintiffs Anhthu Van & Viet Nguyen are Washington residents and owners of a home located at 206 93rd Place SW in Camden Court.

2. Plaintiff David Atherton is a Washington resident and owner of a home located at 218 93rd Place SW in Camden Court.

3. Plaintiff Donnie Newell is a Washington resident and owner of a home located at 222 93rd Place SW in Camden Court.

4. Plaintiff Glenda Werner is a Washington resident and owner of a home located at 230 93rd Place SW in Camden Court.

5. Plaintiffs John & Wanjiru Bailey are Washington residents and owners of a home located at 232 93rd Place SW in Camden Court.

6. Plaintiffs Chad Van Cleave and Kelly Panzarino are Washington residents and

PLAINTIFFS' CORRECTED COMPLAINT- 2
(Cause No. 2:17-cv-00366-RSL)

**CASEY & SKOGLUND PLLC**
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

owners of a home located 236 93rd Place SW in Camden Court.

7. Plaintiff Nori Nemitz is a Washington resident and owner of a home located at 240 93rd Place SW in Camden Court.

8. Chanbandith Prom is a Washington resident and owner of a home located at 235 92nd Street SW in Camden Court.

9. Plaintiff Christopher Smith is a Washington resident and owner of a home located at 231 92nd Street SW in Camden Court.

10. Plaintiffs Steven & Lisa Berube are Washington residents and owners of a home located at 223 92nd Street SW in Camden Court.

11. Plaintiff Jenny Kuma is a Washington resident and owner of a home located at 219 92nd Street SW in Camden Court.

12. Plaintiff Sem Chap is a Washington resident and owner of a home located at 215 92nd Street SW in Camden Court.

13. Plaintiff Syed Rizvi is a Washington resident and owner of a home located at 211 92nd Street SW in Camden Court.

14. Plaintiff Roxanne Paris is a Washington resident and owner of a home located at 203 92nd Street SW in Camden Court.

15. Plaintiff Guadalupe Gutierrez is a Washington resident and owner of a home located at 208 92nd Street SW in Camden Court.

16. Plaintiffs Kuljit Singh & Pavneet Cherry are Washington residents and owners of a home located at 212 92nd Street SW in Camden Court.

17. Plaintiffs Jacob & Emily Hanson are Washington residents and owners of a

PLAINTIFFS' CORRECTED COMPLAINT- 3
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

1  home located at 224 92nd Street SW in Camden Court.

2  18.  Plaintiffs Joshua & Correy Albertson are Washington residents and owners of a home located at 237 93rd Place SW in Camden Court.

19.  Plaintiffs Elizabeth and Sanmi Fajemisin are Washington residents and owners of a home located at 233 93rd Place SW in Camden Court.

20.  Plaintiff Sakhoeun Chhoth is a Washington resident and owner of a home located at 229 93rd Place SW in Camden Court.

21.  Plaintiff Joshua Reed is a Washington resident and owner of a home located at 225 93rd Place SW in Camden Court.

22.  Plaintffs Aldwin & Christine Peredo are Washington residents and owners of a home located at 221 93rd Place SW in Camden Court.

23.  Plaintiffs Shwanda Greenidge is a Washington resident and owner of a home located at 217 93rd Place SW in Camden Court.

24.  Hereinafter Plaintiffs Anhthu Van & Viet Nguyen, David Atherton, Donnie Newell, Glenda Werner, John & Wanjiru Bailey, Chad Van Cleave & Kelly Panzarino, Lori Nemitz, Chanbandith Prom, Christopher Smith, Steve & Lisa Berube, Jenny Kuma, Sem Chap, Syed Rizvi, Roxanne Paris, Guadalupe Gutierrez, Kuljit Singh & Pavneet Cherry, Jacob & Emily Hanson, Joshua & Correy Albertson, Elizabeth & Sanmi Fajemisin, Sakhoeun Chhoth, Joshua Reed, Adlwin & Christine Peredo and Shwanda Greenidge, are collectively referred to as "Plaintiffs."

25.  Defendant TIG Insurance Company as successor by merger to American Safety Indemnity Company (hereinafter "TIG") is a foreign corporation but conducts business

PLAINTIFFS' CORRECTED COMPLAINT- 4
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

in the State of Washington.

## II. JURISDICTION AND VENUE

26. This Court has jurisdiction over TIG as it is completely diverse from Plaintiffs and the amount in controversy exceeds $75,000, and the claims.

27. Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391 because the subject property that is the subject of this action is in the Western District of Washington.

28. This Court has power to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201, § 2202 and RCW 7.24. Declaratory relief is proper as an actual controversy exists amongst the parties as to whether the TIG policies were triggered and they breached their duty to defend and/or indemnify.

## I. NATURE OF ACTION

29. This is an action for declaratory relief and for a declaratory judgment pursuant to RCW Chapter 7.24, for damages and for other relief.

30. Plaintiffs are home owners in the Camden Court housing development (hereinafter the "project".) Camden Court, LLC (hereinafter "Camden") was the developer of the project and it retained Dawson Lane Residential and Commercial Investment Group Incorporated (hereinafter "Dawson Lane") to act as the general contractor. Plaintiffs filed a lawsuit against Camden to collect the funds necessary to repair the property damage. Plaintiffs settled its claims against Camden and one of its other insurance carriers.

31. As part of the settlement, Plaintiffs took an assignment from Camden against TIG. TIG was an insurance carrier for Dawson Lane and it is believed Camden was an additional insured under the terms of the TIG policy. Plaintiffs now seek a declaration of their rights, and the duties and liabilities of TIG under the comprehensive general liability policies

PLAINTIFFS' CORRECTED COMPLAINT- 5
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

issued to Dawson Lane under which Camden was an additional insured. TIG's policy required the insurance company to investigate, defend, and indemnify Camden against sums it became legally obligated to pay as damages due of property damage occurring at the project.

32. As the assignee of Camden, Plaintiffs seek damages for TIG's breaches of their contractual duties under each of their insurance policies and endorsements issued to Camden with respect to sums paid or incurred as a result of damages claimed by Plaintiffs arising out of damage to the project. Plaintiffs further seeks damages for all additional costs and attorney fees incurred in compelling TIG to perform its duties required by the insurance policies.

33. By reason of the foregoing, an actionable and justifiable controversy exists between Plaintiffs and TIG's obligations to indemnify Camden and its settlement expenses in the underlying lawsuit. Plaintiffs are entitled to a judgment declaring that TIG is obligated to pay Camden's damages to Plaintiffs.

### III. FACTUAL ALLEGATIONS

34. Plaintiff re-alleges herein all prior paragraphs.

35. Camden was the developer on the Camden Court project.

36. Dawson Lane Residential & Commercial Investment Group, Inc., was the general contractor on the project (hereinafter "Dawson Lane.")

37. TIG issued a standard commercial general liability policies to Dawson Lane:

    a. TIG Policy # 156AUI 86659-00    Policy period 3.12.13 – 3.12.14

38. Camden and Mr. Dobler were additional insured under the TIG policy issued to Dawson Lane.

39. On or about March 27, 2015, Plaintiffs filed a complaint against Camden and Robert Dobler in Snohomish County Superior Court, Washington.

40. Camden and Mr. Dobler tendered the complaint to TIG on in the summer of 2015 and requested it defend and indemnify it.

PLAINTIFFS' CORRECTED COMPLAINT- 6
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

41. On or about September 3, 2015, TIG responded and denied Camden's tender and request to defend it.

42. On or about April 12, 2016, TIG responded to the tender and once again it denied it had a duty to defend Camden because it believed there was no coverage afforded to Camden or Mr. Dobler under the policies it issued to Dawson Lane

43. In 2016, Plaintiffs settled with Camden and Mr. Dobler.

44. Although the Plaintiffs would have sought over $2,500,000 plus additional costs and attorney fees through trial, the parties agreed to settle the case for $2,080,000.

45. As part of the settlement, Camden's other carrier paid $400,000 in the policy period it believed applicable to settle the case. Under the terms of the settlement, the amount paid is required to be deducted from any judgment entered against Camden and Dobler.

46. In addition, Camden assigned all its claims against TIG to Plaintiffs.

### IV. DECLARATORY RELIEF SOUGHT AGAINST TIG

47. Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

48. This is an action for declaratory relief and for a declaratory judgment pursuant to RCW Chapter 7.24, for construction, validity, and enforcement of a contract.

49. By reason of the foregoing, an actionable and justifiable controversy exists between Plaintiffs and TIG regarding the parties' obligations to each other.

### V. CLAIMS AGAINST TIG

#### A. BREACH OF CONTRACT

50. Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

PLAINTIFFS' CORRECTED COMPLAINT- 7
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

51. TIG breached the policies it sold to Camden by: (1) failing to defend Camden; and (2) placing its interests ahead of and above Camden's interests.

52. Plaintiffs, as assignees of Camden, were deprived of the benefit of a defense and insurance coverage under the policies.

53. Plaintiffs, as assignees of Camden, have been damaged as a direct and proximate result of TIG's breach of the policies it sold to Camden.

54. TIG is liable to Plaintiffs, as assignees of Camden, for all damages together with costs and disbursements of this action, including but not limited to reasonable attorneys' fees.

### B. SECOND CAUSE OF ACTION: BAD FAITH/IFCA VIOLATIONS

55. Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

56. Pursuant to the Washington Insurance Code, RCW Chapter 48.01 ("IFCA"), the business of insurance is one affected by the public interest. Every insurance company has a duty of good faith and fair dealing, which requires it to abstain from deception, to act with honesty and lawfulness of purpose, and to give equal consideration in all matters to its insured's interests.

57. TIG was given proper notice and their refusal to defend is a violation of RCW 48.30.015, WAC 284-30-330, WAC 284-30-350, and WAC 284-30-380.

58. By reason of the foregoing, Plaintiffs, as assignees of Camden, have suffered and will continue to suffer direct and consequential expenses for which TIG is liable.

### C. THIRD CAUSE OF ACTION: VIOLATION OF CONSUMER PROTECTION ACT (RCW 19.86)

59. Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

PLAINTIFFS' CORRECTED COMPLAINT- 8
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

60. The Washington Consumer Protection Act, RCW Chapter 19.86, prohibits unfair or deceptive acts or practices. The Washington Administrative Code, WAC 284-30, defines certain prohibited, unfair or deceptive acts or practices in the business of insurance, including, *inter alia*, failing to adopt and implement reasonable standards for prompt investigation of claims, refusing to pay claims or defend claims without a reasonable investigation, failing to effectuate prompt, fair and equitable settlements of claims, and compelling policy holders to institute litigation in order to receive insurance benefits.

61. In failing to adopt standards for prompt investigation, refusing to defend and indemnify Camden in connection with the claims alleged in the underlying lawsuit, failing to conduct a proper investigation of Camden's claim, by refusing to respond timely to Camden's request for defense and indemnification, by failing to effectuate a prompt settlement of the claim, and by forcing Camden to institute a suit to obtain the benefits of Camden's status as an additional insured under TIG's policies. TIG has acted with an absence of good faith in violation of RCW Chapter 48.01.

62. The actions and inactions of TIG further constitute unfair and deceptive acts and practices under RCW Chapter 19.86, WAC 284-30-330, WAC 284-30-350, and WAC 284-30-380.

63. By reason of the foregoing, Plaintiffs, as assignees of Camden, have suffered and will continue to suffer direct and consequential expense for which TIG is fully liable to Camden.

64. As a further direct and proximate result of TIG violation of RCW Chapter 19.86, it is liable for treble damages and reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this action.

//

//

PLAINTIFFS' CORRECTED COMPLAINT- 9
(Cause No. 2:17-cv-00366-RSL)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

## VI. PRAYER FOR RELIEF

WHEREFORE, having made the above allegations, Plaintiffs prays for relief against TIG as follows:

1. A Court Order declaring as follows:

    a. TIG had a duty to defend Camden;

    b. TIG breached their duty to defend Camden;

    c. As a result of TIG's breach of the duty to defend, they are estopped from denying coverage;

    b. As a result of TIG's breach of the duty to defend, it is precluded from applying its exclusions; and

    c. TIG had a duty to indemnify Camden.

    d. For an award of treble damages under RCW 48.30 against TIG;

    e. For an award against TIG in favor of Plaintiffs for reasonable attorneys' fees and costs incurred in this action or incurred in compelling TIG to pay the benefits provided under the commercial general liability policies issued to Plaintiffs as assignees of Camden; and

    f. For such other and further relief as this Court deems just and equitable.

A jury trial is hereby demanded.

DATED this 24th day of July, 2017.

                CASEY & SKOGLUND, PLLC

                By: /s/ Todd Skoglund
                    Todd K. Skoglund, WSBA #30403
                    130 Nickerson Street, Suite 210
                    Seattle, WA 98109
                    T: 206.284.8165 F: 206.456.4210
                    todd@casey-skoglund.com
                    Attorney for Plaintiff

PLAINTIFFS' CORRECTED COMPLAINT- 10
(Cause No. 2:17-cv-00366-RSL)

**CASEY & SKOGLUND PLLC**
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210